UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUN FU,<br>　　　　　Plaintiff,<br><br>　　v.<br><br>DEPARTMENT OF HOMELAND SECURITY, and others,<br>　　　　　Defendants. | Case No. 24-cv-03535-NC<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; ORDER GRANTING DEFENDANTS' CROSS-MOTION FOR SUMMARY JUDGMENT**<br><br>Re: ECF 28, 30 |

Plaintiff Sun Fu alleges that Defendants Department of Homeland Security and Ur M. Jaddou (in her official capacity as Director of U.S. Citizenship and Immigration Services (USCIS)) denied her I-539 application to extend her H-4 nonimmigrant visa status based on an incorrect inadmissibility finding for willfully misrepresenting a material fact.

Before the Court is Plaintiff's Motion for Summary Judgment and Defendants' Cross-Motion for Summary Judgment. For the reasons below, the Court: GRANTS Defendants' Cross-Motion for Summary Judgment and DENIES Plaintiff's Motion for Summary Judgment.

I.  **BACKGROUND**

　　**A. Factual Background**

The following facts are undisputed. In 2013, Plaintiff entered the United States as an F-1 international student to complete a Master of Science degree. F-1 students can

extend their visas by participating in the Optional Practical Training (OPT) program, in which students obtain temporary employment directly related to their major area of study. In 2015, Plaintiff applied for, and USCIS approved, F-1 OPT employment authorization for February 2016 to February 2017. In April 2016, Plaintiff began her OPT employment with Findream LLC. However, Findream did not provide Plaintiff any work assignments so, in June 2016, she began searching for alternative employment. In September 2016, Plaintiff began working for another company, Fortinet, and filed a new Form I-20 to reflect this change. The Form I-20 listed Plaintiff's previous employment with Findream.

In November 2016, Plaintiff requested, and USCIS approved, additional F-1 OPT employment authorization from February 2017 through February 2019. In January 2019, Plaintiff transferred to Fortinet's Vancouver office.

In 2019, Findream and its owner Kelly Huang pled guilty to conspiracy to commit visa fraud by providing false documents for F-1 students to fraudulently extend their nonimmigrant status. Plaintiff first learned of this prosecution in 2020.

In November 2021, Plaintiff married her husband, an H-1B nonimmigrant visa holder. The next month, Plaintiff filed an application for a nonimmigrant H-4 visa to enter the United States as the spouse of an H-1B visa holder. In December 2021 and January 2022, Plaintiff attended two interviews with the United States Consulate in Canada. She was questioned about her affiliation with Findream. The officers issued Plaintiff an H-4 visa. In February 2022, at the port of entry for the United States, Customs and Border Protection officials questioned Plaintiff about her affiliation with Findream. The officials found Plaintiff admissible.

In January 2023, Plaintiff filed an I-539, Application to Extend/Change Nonimmigrant Status to extend her H-4 status. In May 2024, USCIS issued Plaintiff a Notice of Intent to Deny (NOID) stating that Plaintiff was inadmissible due to her willful misrepresentation on her 2016 Form I-765 because she had not actually performed work with Findream as required and had received false paperwork to fulfill the requirements necessary to obtain the F-1 post-completion OPT.

In June 2024, Plaintiff filed a response to the NOID asserting additional evidence. In November 2024, USCIS issued a decision denying Plaintiff's I-539 application for willful misrepresentation of her Findream employment.

### B. Procedural Background

Plaintiff filed her original complaint on June 12, 2024 and a first amended complaint on December 18, 2024. ECF 1, 20. Plaintiff moved for summary judgment. ECF 28. Defendants opposed and filed a cross-motion for summary judgment. ECF 30. Plaintiff replied. ECF 36. Defendants replied. ECF 43.

On December 17, 2025, the Court requested a copy of the Certified Administrative Record for its review. ECF 39. Defendants filed a copy. ECF 41, 42.

The parties have consented to magistrate judge jurisdiction. ECF 8, 14.

## II. THE COURT LACKS SUBJECT MATTER JURISDICTION TO REVIEW USCIS'S DENIAL OF PLAINTIFF'S I-539 APPLICATION

Plaintiff argues the Court has subject matter jurisdiction to review USCIS's inadmissibility determination on which it based its November 2024 denial of her I-539 application because the issue presents a mixed question of law and fact. ECF 28 at 23. Defendants contend the Court cannot review its initial determination because it was preliminary, and not a discrete, final action. ECF 30 at 21–22.

"The APA prohibits courts from reviewing agency decisions when a specific statute 'preclude[s] judicial review' or where 'agency action is committed to agency discretion by law.'" *Wang v. Noem*, 793 F. Supp. 3d 1231, 1239 (C.D. Cal. 2025) (quoting 5 U.S.C. § 701(a)(1) & (a)(2)). Further, the Immigration and Nationality Act (INA) precludes courts from reviewing decisions specifically "in the discretion" of USCIS. *Id.* (citing 8 U.S.C. § 1252(a)(2)(B)(ii)).

USCIS denied Plaintiff's I-539 application pursuant to 8 C.F.R. § 214.1, which states: "USCIS *may* grant the extension or amendment *in its discretion*." 8 C.F.R. § 214.1(c)(7) (emphasis added). The Court first looks to the plain language of the statute to determine if the provision grants discretion. *Wang*, 793 F. Supp. 3d at 1239; *see*

3

*also Bouarfa v. Mayorkas*, 604 U.S. at 6, 13–14 (2024) (examining the face of a provision of the INA first to evaluate whether it granted agency discretion)). Section 214.1 states that the agency "may" grant the extension or amendment for a nonimmigrant "in its discretion." 8 C.F.R. § 214.1(c)(7). This language "clearly connotes discretion" because it allows USCIS the option to grant the extension or amendment, rather than making it mandatory. *Bouarfa*, 604 U.S. at 13 (internal citations omitted); *Wang*, 793 F. Supp. 3d at 1240 (collecting cases).

Because USCIS's I-539 denial is discretionary, the Court lacks jurisdiction to review the agency's decision. Nor can the Court review USCIS's initial inadmissibility finding for "willful misrepresentation" under 8 U.S.C. § 1182(a)(6)(C)(i) because it is an "underlying eligibility determination made in support of the ultimate discretionary decision" which is "beyond judicial review." *Zia v. Garland*, 112 F.4th 1194, 1200–01 (9th Cir. 2024); *Magana-Magana v. Bondi*, 129 F.4th 557, 567 (9th Cir. 2025) (precluding judicial review of "facts underlying" discretionary decisions). Accordingly, the Court lacks subject matter jurisdiction to evaluate USCIS's denial or the underlying admissibility finding.

### III. USCIS'S DENIAL OF PLAINTIFF'S I-539 DID NOT VIOLATE THE APA

Plaintiff argues Defendants' decision was arbitrary and capricious because USCIS (1) knew of her Findream affiliation prior to the I-539 application, so it was not new, material information, and (2) departed from the State Department and CBP's admissibility findings. ECF 28 at 26–29. Defendants argue the I-539 application constituted its first opportunity to consider Plaintiff's admissibility and Findream employment, and it did evaluate the State Department and CBP's prior conclusions. ECF 30 at 19–24.

If this Court did have jurisdiction, it could set aside a final agency decision if it was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). An agency abuses its discretion "if there is no evidence to support the decision or if the decision is based on an improper understanding of the law." *Ferreira v. Mayorkas*, 767 F. Supp. 3d 929, 936 (N.D. Cal. 2025) (citing *Kazarian v. U.S. Citizenship*

4

& *Immigration Svcs.*, 596 F.3d 1115, 1118 (9th Cir. 2010)). "To determine whether an agency violated the arbitrary and capricious standard, [the] court must determine whether the agency articulated a rational connection between the facts found and the choice made." *Id.* "In order for the court to confirm the agency's decision as rationally connected to the facts, the agency must have considered 'substantial evidence' in support of its decision." *Id.* (quoting *Nakamoto v. Ashcroft*, 363 F.3d 874, 881-82 (9th Cir. 2004)). "The substantial evidence standard is 'deferential' and requires affirmation of the agency decision 'unless the evidence is so compelling that no reasonable fact finder could fail to find the facts were as [plaintiff] alleged.'" *Id.* (citing *Khodagholian v. Ashcroft*, 335 F.3d 1003, 1006 (9th Cir. 2003)).

Even if this Court had jurisdiction (which it does not), Plaintiff's claims would fail. The NOID discussed in detail the evidence submitted and the basis for USCIS's intended denial of Plaintiff's I-539 application. ECF 41 at 32–43. Plaintiff was allowed an opportunity to respond and present additional evidence. *Id.* at 42–43. In its denial of Plaintiff's I-539 application, USCIS considered this additional evidence, weighed the discretionary factors, and concluded Plaintiff did not merit a favorable exercise of discretion. *Id.* at 17–18, 30. For each fact, USCIS "articulated a rational connection between the facts found and the choice made." *Ferreira*, 767 F. Supp. 3d at 936. Plaintiff has not presented any evidence "so compelling that no reasonable fact finder could fail to find the fact were as [plaintiff] alleged." *Id.*

## IV. CONCLUSION

The Court DENIES Plaintiff's Motion for Summary Judgment and GRANTS Defendants' Cross-Motion for Summary Judgment.

**IT IS SO ORDERED.**

Dated: December 31, 2025

_____
NATHANAEL M. COUSINS
United States Magistrate Judge

5